## Commonwealth v. Bloom

*Eugene G. Kitko,* Assistant District Attorney, for Commonwealth.

*F. Cortez Bell, Jr.,* for defendant.

PENTZ, P. J., December 5, 1959.—Defendant has presented a petition for appeal from summary conviction before an alderman of the City of DuBois for violation of The Game Law of June 3, 1937, P. L. 1225, sec. 724, 34 PS §1311.724.

The information before the alderman is set forth in the transcript, and hearing was held December 5, 1957. The transcript shows only that the information was read and explained to defendant who pleaded guilty to having in his possession a female deer in closed season, but pleaded not guilty to the charge of

killing an illegal deer. The magistrate found defendant guilty and fined him $100 and costs.

Defendant presented a petition for allowance of an appeal therefrom on December 9, 1957, and rule was issued on the Commonwealth to show cause why the appeal should not be allowed.

The transcript of the hearing contains no fact other than the reading of the information, and the plea of not guilty to illegal killing and admission to possession of a female deer in closed season.

The facts bringing about the arrest appear in the petition for the appeal, in which it is averred that petitioner on November 28, 1957, shot a deer which was damaging his property in Union Township, Clearfield County, destroying the lawn and plantings on the property.

After the shooting of the deer defendant promptly notified the game warden thereof, with the resulting arrest and conviction before the alderman.

The particular section of The Game Law involved is contained in the first clause of section 724 above, the pertinent portion thereof as follows:

"The word 'person' as used in this clause shall mean any person actually residing upon and cultivating, as a means of gaining a livelihood, any lands for general farm crop purposes, commercial trucking, or fruit orchard or nursery being regularly maintained for commercial purposes, as either the owner or lessee of such lands, or a member of his family actually residing upon and regularly assisting in the cultivating thereof. . . ."

Such person, as defined under the first clause of this section, is not restricted from killing any of the wild animals set forth in The Game Law, including deer, when destroying the property of defendant under the circumstances described in that portion of the second clause, as above quoted.

The Commonwealth takes the position that the transcript does not set forth any facts which will disclose the application of this section of The Game Law, is unconstitutional in its effect under the circumstances involved.

In the decisions on this particular section, beginning with Commonwealth v. Gilbert, 5 D. & C. 443, Commonwealth v. Riggles, 39 D. & C. 188, to Commonwealth v. Braun, 88 D. & C. 257, it has been held that the owner or occupier of any premises may kill a wild animal on the property tending to or destroying that property, irrespective of whether or not the owner of the property is "cultivating, as a means of gaining a livelihood, any lands for general farm crop purposes, commercial trucking, or fruit orchard or nursery being regularly maintained for commercial purposes".

All of the cases cited the evidence before the justice of the peace, or alderman, disclose the fact that the deer, except in Commonwealth v. Braun, supra, which was a bear, were on the premises of defendants and accomplished some destruction of the property owned or occupied by defendant.

This section 724 of The Game Law, as above referred to, was held in all of the three cases cited to be unconstitutional and in violation of article 1, sec. 1, of the Constitution of Pennsylvania, if the exemption from liability for killing a deer or bear, as the case might be, as in Commonwealth v. Braun, supra, were to be confined strictly to such persons as might be engaged in farming for a livelihood or operating a nursery or orchard as set forth in the quotation above. Such interpretation of section 724 of The Game Law would deprive the owner or occupier of such property of "the right to protect his life, home and property".

In Commonwealth v. McGowan, 9 D. & C. 2d 398, the same principle was applied under section 950 of The Penal Code of June 24, 1939, P. L. 872, 18 PS

§4950, in which defendant shot a homing pigeon which he claimed was causing damage or injury to his property, citing and following Commonwealth v. Braun and Commonwealth v. Riggles, supra.

The Commonwealth contends the transcript does not show defendant raised the question that the deer which was shot on November 28, 1857, was damaging his property. This is correct. However, the magistrate, alderman or justice of the peace holding a hearing on a summary conviction must set forth the facts upon which such officer finds defendant guilty or not guilty. In this instance the magistrate's transcript shows a plea of guilty to possession of a deer and a plea of not guilty for killing the deer for which latter offense he was arrested and found guilty and fined. No summary or note of any evidence appears upon which the guilty finding was based.

The transcript would, therefore, be subject to a certiorari for failure to properly set forth therein the facts, or a summary of the evidence which was given at the hearing held.

With this discrepancy in the transcript, and due to the length of time this matter has rested undisposed of, we see no point in having a hearing de novo to establish facts which were set forth at the time of the hearing and should have been noted on the transcript.

Had these facts as set forth in the petition been set forth in the transcript as is required, the application of section 724 of The Game Law would be unconstitutional, as was held in the three cases hereinbefore cited.

### Order

Now, December 5, 1959, the judgment of guilty of the alderman entered December 5, 1957, is stricken off and the fine and costs ordered remitted to defendant.